168                  November 26, 2025            No. 1010

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Christina K. TRUMPER,
*Plaintiff-Appellant,*

*v.*

WOMEN'S HEALTHCARE ASSOCIATES, LLC,
an Oregon limited liability company,
*Defendant-Respondent.*

Washington County Circuit Court
23CV41836; A185007

Andrew Erwin, Judge.

Argued and submitted October 31, 2025.

Paul T. Cullen argued the cause and filed the briefs for appellant.

Ruth A. Casby argued the cause for respondent. Also on the brief were Matthew J. Kalmanson and Hart Wagner LLP.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Plaintiff worked for Women's Healthcare Associates, LLC (WHA). After she failed to comply with Oregon's COVID-19 vaccination mandate for healthcare workers, WHA terminated her employment. Plaintiff sued for wrongful discharge and the trial court granted summary judgment in favor of WHA. Plaintiff appeals. We conclude that the trial court correctly granted summary judgment because there were no disputes of material fact and WHA was entitled to judgment as a matter of law. We therefore affirm.

The relative facts are few and, as noted, undisputed. WHA hired plaintiff to work as an accounts receivable clerk in 2021. That same year, the Oregon Health Authority (OHA) promulgated a rule that required all healthcare personnel working in healthcare settings to be vaccinated against COVID-19 or to provide documentation that established a ground for a medical or religious exemption. *Former* OAR 333-019-1010 (2021). Under that rule, a medical exemption request had to be corroborated by a medical provider, certifying that the person seeking the exemption has a physical or mental impairment based on a specified medical diagnosis that limits their ability to be vaccinated. *Id.* at (4)(b)(A). The rule also required employers receiving such information to follow applicable privacy protections. *See id.* at (8)(a) (requiring healthcare employers to maintain "vaccination documentation and documentation of medical and religious exceptions *** in accordance with applicable federal and state laws").

Plaintiff notified WHA that she intended to apply for a medical exemption. Shortly before the application deadline, plaintiff submitted two medical exemption forms, an OHA form and WHA's own form, with neither form specifying the medical condition that formed the basis for her exemption request. Instead of describing on the OHA form how a medical condition impacted plaintiff's ability to be vaccinated, plaintiff's medical provider only wrote "HIPAA[1] protected info." WHA told plaintiff that it was denying her exemption

---

[1] HIPAA stands for the Health Insurance Portability and Accountability Act, which protects an individual's health information against disclosure without a patient's consent.

request due to the lack of required documentation. When plaintiff did not respond, WHA discharged plaintiff.

Plaintiff then filed a claim for wrongful discharge, alleging that WHA wrongfully terminated her in violation of public policy. In her complaint, plaintiff stated for the first time that she is an "insulin-dependent diabetic." WHA moved for summary judgment, asserting that plaintiff's discharge did not implicate a job-related right or an important public duty. *See Babick v. Oregon Arena Corp.*, 333 Or 401, 407, 40 P3d 1059 (2002) (at-will employees may bring claims for wrongful discharge in only two circumstances: (1) when the employee is discharged for fulfilling a public duty or important societal obligation; and (2) when the employee is discharged for exercising a job-related right that reflects an important public policy). Plaintiff, in turn, did not challenge the vaccination mandate; instead, she asserted that she was entitled under HIPAA and ORS 192.553 to refuse to disclose the medical basis for her exemption request to WHA. In her view, her invocation of HIPAA's protections reflected fulfillment of a public duty or an important public policy for purposes of a wrongful discharge claim.

The trial court granted summary judgment in WHA's favor. It observed that plaintiff did not challenge the lawfulness of the OHA rule mandating that she provide particular information for a medical exemption and thus could not claim that she was unlawfully discharged for fulfilling a public duty "by willfully disregarding that law." The court further concluded that plaintiff had not identified a job-related right that entitled her to ignore the rule's mandate. It also rejected plaintiff's argument that HIPAA entitled plaintiff to refuse to follow the mandate, because it was "unsupported by legal authority."

The court went on to reject a theory that plaintiff developed late in the proceedings to support her claim for wrongful discharge:

"Plaintiff now argues that because she worked at home, she was not required to be vaccinated as her work from home was exempted from the definition of 'healthcare setting.' [WHA] rightly objects to raising this theory outside of plaintiff's Complaint, and also argues, nevertheless,

that the unchallenged OAR expressly allows healthcare employers to require <u>more</u> restrictive requirements for vaccinations. Under that provision, healthcare employers were authorized to require vaccination of <u>all</u> employees whether *** or not they worked in a 'healthcare setting.' Again, because plaintiff does not challenge the validity of [the] legal rule that empowers the defendant's actions in this case, she cannot now prevail on a wrongful discharge claim when defendant exercises the mandates of that rule."

(Underscore in original; footnotes omitted.)

The trial court correctly granted summary judgment in WHA's favor. Plaintiff's argument that the protections of HIPAA include her disclosure of medical information to her employer, and that her invocation of those protections reflect fulfillment of a public duty or an important public policy, is incorrect. HIPAA generally precludes covered entities, including healthcare providers, health plans, and healthcare clearinghouses, from disclosing protected health information but expressly allows a covered entity to disclose information with the consent of the individual. 45 CFR §§ 164.104(a), 164.502(a)(1) (2025). HIPAA does not, as plaintiff contends, prevent the disclosure of her medical diagnosis to her employer in compliance with the vaccination mandate (which again, she does not challenge). Assuming plaintiff could rely on her argument that she was exempt from the vaccination mandate because she worked remotely, despite not raising that argument in her complaint, that argument fails on its merits for the reasons that the trial court explained. *See* ___ Or App at ___ (slip op at 3). In short, having reviewed the record and the trial court's decision, we find no error.

Affirmed.